**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM PASCUAL
c/o 519 H Street NW
Washington, DC 20001

Plaintiff,

v.

THIP KHAO, LLC
d/b/a THIP KHAO
3462 14th Street NW
Washington, DC 20010

SENGAROUN PRADACHITH
a/k/a SENGAROUN KHAMMANIVANH
a/k/a SENG LUANGRATH
6335 Indian Run Parkway
Alexandria, VA 22312

Defendants.

Civil Action No. ___________________

**COMPLAINT**

1. Defendants employed Plaintiff at Thip Khao, a Laotian restaurant located at 3462 14th Street NW, Washington, DC 20010, as a kitchen hand. Defendants paid Plaintiff a flat semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because one Defendant resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff William Pascual is an adult resident of the District of Columbia.

6. Defendant Thip Khao, LLC is a District of Columbia corporate entity. It does business as Thip Khao. Its principal place of business is located at 3462 14th Street NW, Washington, DC 20010. Its registered agent for service of process is United States Corporation Agents, Inc., 700 12th Street NW, Suite 700, Washington, DC 20005.

7. Defendant Sengaroun Pradachith is an adult resident of Virginia. On information and belief, she is also known as Sengaroun Khammanivanh and Seng Luangrath. She resides at 6335 Indian Run Parkway, Alexandria, VA 22312. She is an owner and officer of Defendant Thip Khao, LLC. She exercises operational authority over the operations of Thip Khao, LLC, including its pay practices.

## Factual Allegations

8. Defendants own and operate Thip Khao, located at 3462 14th Street NW, Washington, DC 20010.

9. Plaintiff worked at Thip Khao from approximately December 11, 2014 through approximately May 10, 2018.

10. Plaintiff worked at Thip Khao as a kitchen hand.

11. Plaintiff's job duties at Thip Khao primarily consisted of preparing and cooking food.

12. Plaintiff typically and customarily worked six days per week.

13. From approximately February 15, 2016 through approximately December 31, 2017, Plaintiff typically and customarily worked the following schedule:

| | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 10:00 a.m. | 10:00 p.m. | No Break | 12.0 |
| Tuesday | Off | | | |
| Wednesday | 10:00 a.m. | 10:00 p.m. | No Break | 12.0 |
| Thursday | 10:00 a.m. | 10:00 p.m. | No Break | 12.0 |
| Friday | 10:00 a.m. | 11:00 p.m. | No Break | 13.0 |
| Saturday | 10:00 a.m. | 11:00 p.m. | No Break | 13.0 |
| Sunday | 11:00 a.m. | 11:00 p.m. | No Break | 12.0 |
| | | | | **74.0 Hours** |

14. From approximately January 01, 2018 through approximately May 10, 2018, Plaintiff typically and customarily worked the following schedule:

| | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 03:00 p.m. | 10:00 p.m. | No Break | 7.0 |
| Tuesday | Off | | | |
| Wednesday | 11:00 a.m. | 10:00 p.m. | 1 Hour Break | 10.0 |
| Thursday | 04:00 p.m. | 10:00 p.m. | No Break | 6.0 |
| Friday | 11:00 a.m. | 11:00 p.m. | 1 Hour Break | 11.0 |
| Saturday | 11:00 a.m. | 11:00 p.m. | 1 Hour Break | 11.0 |
| Sunday | 11:00 a.m. | 11:00 p.m. | 1 Hour Break | 11.0 |
| | | | | **56.0 Hours** |

15. Plaintiff typically and customarily worked more than 40 hours per workweek for Defendants.

16. Plaintiff was always paid a semimonthly salary.

17. At all relevant times, Plaintiff was paid a semimonthly salary of $1,350.00.

18. For example, for the 15 day pay-period of April 16-30, 2018, Defendants tendered Plaintiff the following $1,350.00 check.

THIP KHAO LLC
3462 14TH ST. NW
WASHINGTON, DC 20010-3401

4827
68-7497/2560

04/30/18
Date

Pay to the Order of — William Alexander Pascual — $ 1,350.00

— One thousand three hundred and fifty — Dollars

NAVY FEDERAL Credit Union

For Apr 16-30, 18

19. From Feb. 15, 2016 through Dec. 31, 2017, Defendants paid Plaintiff an effective hourly rate of $8.42 ($1,350.00 × 0.4615 (Dept. of Labor's semimonthly-to-weekly conversion coefficient) ÷ 74 hours).

20. From Jan. 1, 2018 through May 10, 2018, Defendants paid Plaintiff an effective hourly rate of $11.13 ($1,350.00 × 0.4615 (Dept. of Labor's semimonthly-to-weekly conversion coefficient) ÷ 56 hours).

21. The District of Columbia minimum wage was $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1, 2017 through June 30, 2018.

22. Defendants always paid Plaintiff an effective hourly rate lower than the District of Columbia minimum wage.

23. Defendants paid Plaintiff by check.

24. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

25. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

26. For his work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff approximately $45,414.10 in minimum and overtime wages (excluding liquidated damages).

27. At all relevant times, Defendant Sengaroun Pradachith participated in decisions concerning the hiring and firing of employees of Thip Khao.

28. At all relevant times, Defendant Sengaroun Pradachith participated in decisions concerning the size of Thip Khao's staff.

29. At all relevant times, Defendant Sengaroun Pradachith participated in decisions concerning the method and manner by which Thip Khao's employees were paid.

30. At all relevant times, Defendant Sengaroun Pradachith participated in decisions concerning the schedules of Thip Khao's employees.

31. At all relevant times, Defendants had the power to hire and fire Plaintiff.

32. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

33. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

34. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

36. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the D.C. minimum wage.

37. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

38. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

39. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

40. At all relevant times, Defendants had two or more employees who handled food products — such as rice, chicken, pork, and beef — that were grown or raised outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

43. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

44. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

45. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

46. Defendants' violations of the FLSA were willful.

47. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

48. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

50. The DCMWA required that employers pay non-exempt employees at least $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017, and $12.50 per hour from July 1, 2017 through June 30, 2018. D.C. Code § 32-1003(a).

51. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

52. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

53. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

54. Defendants' violations of the DCMWA were willful.

55. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

56. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

58. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

59. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

60. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

61. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

62. Defendants' violations of the DCWPCL were willful.

63. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**186,746.00**, and grant the following relief:

a. Award Plaintiff $181,656.40, consisting of the following overlapping elements:

i. unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii. unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii. unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,689.60);

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: February 23, 2019

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*